## Columbia Insurance Company *vs.* William Stone.

An action upon a note given for the premium on a policy of insurance will not be defeated by proof of an unexecuted parol agreement to cancel the policy and surrender the note upon payment of a proportional part of the amount of the latter.

Contract brought by an insurance company incorporated in South Carolina upon a note given for a policy of insurance. The answer set forth that about four months after the making of the policy, the defendant and the agent of the plaintiffs agreed that the policy might be cancelled and the note surrendered on payment of a proportional amount of the note, having reference to the time which had elapsed since the policy was issued; and shortly afterwards the defendant called on the agent to have the matter completed, and the agent informed him that an injunction had been served upon him, to prevent further transactions by him as agent of the company, and that it was out of his power to carry his agreement into effect; and subsequently a receiver of the assets of the company was appointed

by this court, and the note was sold to a person who prosecuted the present action for his own benefit. *Ames*, J., being of opinion that these facts, if proved, would not be a defence to the action, directed the jury to return a verdict for the plaintiffs, which was done; and the defendant alleged exceptions.

*E. F. Stone*, for the defendant.

*S. B. Ives, Jr.* for the plaintiffs.

DEWEY, J.    The facts relied upon as a defence to this action do not show any legal contract so far consummated by the parties as to discharge the liability of the defendant upon his note. It was a proposition by the defendant, assented to by the agent of the company, that he might cancel his policy, paying a *pro rata* premium, and thereupon receive back his note.    If this had been done, of course the note would have been discharged. But the right of the defendant to carry into effect this proposition was one to be exercised while the assets of the company were wholly under the control of the company and its agents; and before anything was done to give effect to the proposed arrangement, the right of creditors to the company's funds intervened, and by an injunction all their property was seized and held for the benefit of their creditors.    This note very properly is claimed to be held as a part of the assets of the company, to be applied in payment of their liabilities.

*Exceptions overruled*